**Julius KORN, Plaintiff-Appellant,**

v.

**ROYAL CARIBBEAN CRUISE LINE, INC., Defendant-Appellee.**

No. 83-5567.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 10, 1983.

Decided Jan. 31, 1984.

Bradley D. Marcus, Beverly Hills, Cal., for plaintiff-appellant.

Michael J. Faber, Los Angeles, Cal., for defendant-appellee.

Before CHOY, WALLACE and ANDERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Julius Korn appeals a district court denial of his motion for leave to file an amended complaint pursuant to Fed.R.Civ.P. 15(c). We granted permission to appeal the interlocutory order based upon the district court's certification under 28 U.S.C. § 1292(b). We reverse.

## I. BACKGROUND

On August 31, 1980, while a passenger aboard the cruise ship M/S "Song of Norway," Julius Korn suffered a knee injury during a fall on the ship's basketball court. Following a consultation with the ship's doctor and a subsequent visit with an orthopedist in Puerto Rico, Mr. Korn curtailed his cruise and returned to his home in California where he underwent surgery to repair the damaged knee.

Shortly thereafter, Mr. Korn's ticket, together with those of his wife and two daughters, were returned to the passenger control officer of Royal Caribbean Cruise Line, Ms. Ordonoz, by the Korns' travel agent. The agent's letter informed Ms. Ordonoz of Mr. Korn's misfortune and requested assistance in obtaining reimbursement for the unused portion of the Korn family's cruise tickets.

In October, 1980, Bradley D. Marcus wrote to Royal Caribbean Cruise Line, Inc. (RCCL Inc.), informing the corporation that he had been retained by Mr. Korn to assist in obtaining a recovery for the injuries sustained as a result of the accident. RCCL Inc. had been identified on the cruise tickets as the general sales agent.

In response, Mr. Marcus was notified that his letter had been forwarded to a Mr. Edward C. Greenop of Caribbean Marine Associates, Inc., for his reply to the personal injury correspondence of Mr. Marcus. Marcus was later informed that Mr. Greenop was the person who usually handled accident claims for RCCL Inc. Mr. Greenop advised that the circumstances surrounding the matter were being examined and requested additional information from Mr. Marcus; he also advised that there might be a possibility of "concluding" the matter. Correspondence continued between Greenop and Marcus, culminating in a letter from Marcus on June 16, 1981. This letter sought to ascertain the response of Mr. Greenop's principals concerning the possibility of settlement of Mr. Korn's claim. When no reply was forthcoming, suit was filed on behalf of Mr. Korn.

The complaint, filed July 31, 1981, alleged negligence on behalf of the ship owner and sought to recover damages from the named defendants, RCCL Inc. and Does 1 through 10, inclusive. Service of process was attempted by mail to RCCL Inc.'s designated agent for service, a Mr. James Hurley of Miami, Florida. When no response was received, service was effected on RCCL Inc. by mailing the relevant documents to Mr. Greenop. This service of process was accomplished 16 days after the running of the relevant statute of limitation period on August 31, 1981.

After discovering that RCCL Inc. was not the owner of the vessel, but was instead only its marketing corporation, Mr. Korn attempted to amend his original complaint to name the proper party defendant, Royal Caribbean Cruise Line A/S. This motion, pursuant to Fed.R.Civ.P. 15(c), was denied by the district court on the ground that the failure to timely serve the named defendant prevented the party to be added from receiving the required notice. Thus, the issue to be decided here is whether RCCL A/S

received notice sufficient to permit its substitution as a party defendant.

## II. DISCUSSION

 Fed.R.Civ.P. 15(c) is the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run. *Craig v. United States,* 413 F.2d 854, 856 (9th Cir.1969), *cert. denied,* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969) (*Craig I*). Under Rule 15(c), an amended complaint changing the party against whom the claim is asserted will relate back to the original complaint where:

> (1) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the period provided by law for commencing the action against him, the party to be brought in by amendment has received such 'notice of the institution of the action' that he will not be prejudiced in maintaining his defense on the merits; and (3) within the period provided by law for commencing the action against him, the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*Id.* at page 857. While it is the second condition that provided the district court a basis for its denial of the motion to amend, the first and third conditions must also be met in order for an amended complaint to relate back to the date of the original pleading. *Id.* On review, our task is to determine whether the decision of the district court constituted an abuse of discretion. *Friends of the Earth v. Coleman,* 518 F.2d 323 (9th Cir.1975).

In the instant matter, the district court determined that before a new party could be brought in under an amended complaint, actual notice of the filing of the lawsuit—accomplished by service of process—must have been effected on the originally named defendant prior to the running of the relevant statute of limitation. The court believed that this notice was necessary to fulfill the requirements of Fed.R.Civ.P. 15(c). Based on our understanding of the law of this circuit, we disagree.

This circuit has applied Fed.R.Civ.P. 15(c). In *Craig I,* 413 F.2d 854, a Death on the High Seas Act case was filed only three days prior to the expiration of the relevant statute of limitation. Subsequently, the plaintiff tried to add Litton Systems, Inc. as a defendant, relying on Rule 15(c). This circuit rejected the plaintiff's motion to amend despite the fact that Litton had actual notice of the accident giving rise to the claim and had conducted a thorough investigation of the accident in regard to another case arising out of the same incident. Nonetheless, because the plaintiff was unable to show that Litton had actual notice of the institution of the *Craig* action prior to the expiration of the relevant limitation period, denial of the motion to amend was affirmed. *Id.* at 858.

Our discussion did not end there. We held that notice of the institution of an action could be either formal or informal and noted that, even if Rule 15(c) required notice of the accident rather than notice of the institution of the action, the *Craig I* plaintiff had failed to demonstrate that the party to be added would not be prejudiced in maintaining its defense on the merits. *Craig I,* 413 F.2d at 857 and 858. *See* notes of the Advisory Committee following the 1966 Amendment of Fed.R.Civ.P. 15(c).

The rule that the notice required under Rule 15(c) could be either formal or informal so long as the party to be added was not prejudiced in maintaining its defense on the merits was reaffirmed by this circuit in *Craig v. United States,* 479 F.2d 35, 36 (9th Cir.1973) (*Craig II*) (*Craig I* appellant contending that amendment constitutes "misnomer" rather than change of name). More recently, in *Williams v. United States,* 711 F.2d 893 (9th Cir.1983), a district court's denial of a motion to amend was upheld where the party to be brought in had not received notice of the institution of suit within the period provided by law for commencing the action against him—even

though the notice of suit did not have to be formal. *Id.* at 898. Although the *Williams* court was presented with an opportunity to impute knowledge to the party to be added, it refused to do so. The court did not impute knowledge in *Williams* because to do so it would have been necessary to impute knowledge from a government agency to the U.S. Attorney or the U.S. Attorney General. *Id.* at 898. The *Williams* court did not, however, reject the imputed knowledge approach for all cases.

In the instant matter, Mr. Korn argues that Rule 15(c) permits a complaint to be amended after the statute of limitation has run where the party to be added has had such timely and adequate notice of the action that it will not be prejudiced in maintaining its defense on the merits. Such an approach avoids adopting a per se rule which would focus on the specific instant of actual notice; instead it would require examination of the circumstances surrounding the initiation of the lawsuit and possible prejudice to the party to be added. This approach furthers the mandate of Fed.R. Civ.P. 15(a), that leave to amend "shall be freely given when justice so requires."

In *Craig I* we were concerned with avoiding prejudice to the party to be added; timely notice within the statute of limitation period was one manner of assuring that the party to be added had the opportunity to investigate the facts giving rise to the claim before they became stale. Even though the party to be added had thoroughly investigated the factual issues relevant to the accident giving rise to the Craig wrongful death action, the investigation had focused on those factual issues relating to the lawsuit of a seaman who had been injured in the same accident. *Craig I,* 413 F.2d at 858. Addressing the question of adequate notice, we held, "[u]nder these circumstances it cannot be said that notice of the incident, but not of the institution of th[e] action, within the statutory period, did not prejudice Litton [the party to be added] in maintaining its defense to the action." *Id.*

Avoiding prejudice to the party to be added thus becomes our major objective. Timely notice, whether formal or informal, is one way of assuring that the party to be added has received ample opportunity to pursue and preserve the facts relevant to various avenues of defense. In *Craig I,* the lack of notice to the party to be added created a substantial possibility of prejudice in a potential defense of the case; Litton had not thoroughly examined the facts surrounding the accident in relation to Mr. Craig's death. In the matter now before us, that is not the case.

■ Although the party to be added in *Craig I* had conducted a thorough investigation, the examination related only to another individual who had been injured in the same accident. It would be unfair to require that Litton, the party to be added, proceed in defense of a suit filed by a plaintiff other than the one whose pending claim had been thoroughly explored. In the instant matter, only one person was injured in a fall on the basketball court of the M/S "Song of Norway" that particular morning. Only one person was treated for knee injuries sustained in that fall and only one person subsequently curtailed his cruise, and that of his family, to fly from Puerto Rico to California to undergo surgery. Most importantly, when the insurance company involved inquired into the facts surrounding this matter, only one person's claim was involved—that person was Julius Korn and his claim was the focal point of the investigation.

All correspondence between the parties concerned reflects that they were fully aware of the date of the accident and the identity of the person injured. Most of this correspondence identifies the cruise ship and even the number of the cruise. It also reveals that Mr. Korn was informed, through correspondence to his attorney, that the matter was being looked into; that a settlement might be in the offing; and that the "principals" had been notified of his pending claim.

Correspondence addressed to RCCL Inc. was forwarded by a "claims clerk" for Port

Cruise Services, Inc., the self-identified operating agent for both RCCL A/S and the M/S "Song of Norway," to Caribbean Marine Associates, Inc. (CMA), for its response to Mr. Korn's claim. CMA requested additional information, including medical reports and bills and the completion of its "Claimant's statement" by Mr. Korn, so that it could inquire into the circumstances surrounding the matter. All correspondence between CMA and Mr. Korn's attorney noted that copies had been sent to Port Cruise Services, Inc., the operating agent for RCCL A/S.

Following a letter concerning possible settlement in lieu of filing suit which requested an immediate reply, Mr. Korn's attorney was advised that the matter had been forwarded to CMA's principals for review. Later inquiries were mailed; when no response was forthcoming suit was filed on July 31, 1981. Even after suit was filed, Mr. Korn's attorney attempted to verify that the proper party defendant had been named by telephoning CMA. Although Mr. Greenop (the individual with whom Mr. Korn's attorney had been communicating) was absent from the office, his associate advised that RCCL Inc. was the correct party to name as a defendant in personal injury litigation.

RCCL A/S should not be allowed to utilize Fed.R.Civ.P. 15(c) as a log to hide behind. CMA, RCCL A/S' agent for claims purposes, knew full well of the pending suit and had been notified that the complaint was filed before expiration of the limitation period. Moreover, an employee of CMA, after being advised that suit had been filed, affirmed that RCCL Inc. was the properly named party defendant.

We cannot say that notice effected on RCCL Inc. sixteen days after the running of the period of limitation prejudiced RCCL A/S in maintaining its defense on the merits. Not only was CMA privy to the fact that suit had been filed, it had access to Mr. Korn's medical reports and bills and occupied a superior position from which to fully explore the facts surrounding the damage claim. There is a sufficient community of interest between RCCL Inc. (the general sales agent), RCCL A/S (the owner of the ship), Port Cruise Services, Inc. (the operating agent for both the ship and RCCL A/S), and CMA (the insurance company who handled personal injury claims against the cruise line for Port Cruise Services, Inc.), from which to impute knowledge of the claim and of the lawsuit to RCCL A/S within the relevant time period.

## III. CONCLUSION

We have been asked to determine whether RCCL A/S received sufficient notice, within the limitation period, so as to permit its addition as a party defendant under an amended complaint. The documents before this court provide us with a sufficient foundation to impute knowledge of the institution of this action to RCCL A/S and hold that RCCL A/S would not be prejudiced in maintaining its defense on the merits if added as a party to the action.

For the foregoing reasons, we

REVERSE.

WALLACE, Circuit Judge, dissenting:

I dissent because I find the record too scanty to conclude, as does the majority, that the required notice of the filing of the action was given.

I gather from the rather incomplete record that RCCL, A/S owns the ship involved in this case. RCCL, Inc. is a separate corporation which books cruises on this and other ships. Apparently, Port Cruise Services, Inc. is an independent corporation, but its stationery suggests that it acts as some type of a general operating agent for RCCL, A/S and its ships. Caribbean Marine Associates, Inc. (CMA) is an independent corporation and a subsidiary of Shipowners Claims Bureau, Inc. It was apparently acting in this instance as a claims agent for RCCL, Inc.

On this record, I cannot agree that notice to an employee of CMA allows us to impute notice of the filing of the action to RCCL, Inc., and that imputed notice to RCCL, Inc. allows us to impute notice to RCCL, A/S. Yet, only through this circuitous imputation

may RCCL, A/S become a new party through substitution by amendment for RCCL, Inc.

Korn gave RCCL, Inc. direct notice of the filing of his suit against it, but only after the applicable limitation period had expired. We have adopted the position that a new party brought in by amendment under Fed. R.Civ.P. 15(c) must have received a sufficient notice of the lawsuit before the limitation period expired. *See Williams v. United States,* 711 F.2d 893, 898 & n. 8 (9th Cir. 1983); *cf. Hart v. Bechtel Corp.,* 90 F.R.D. 104, 106 (D.Ariz.1981).

A different rule applies when the plaintiff merely amends the complaint to state the proper name of a defendant. A different rule also applies to the party originally named in the complaint. Thus, Korn had no obligation to give any notice to RCCL, Inc. until a reasonable time after filing his complaint, *see* 2 J. Moore, *Moore's Federal Practice* ¶ 3.07 (2d ed. 1982); *cf.* Fed.R. Civ.P. 4(j) (new rule of 120 days), even if the notice would be received after the expiration of the limitation period, *see generally* Fed.R.Civ.P. 3; Cal.Civ.Pro.Code § 411.10 (West 1973); *cf. Walker v. Armco Steel Corp.,* 446 U.S. 740, 751–52, 100 S.Ct. 1978, 1985–86, 64 L.Ed.2d 659 (1980). However, we will not allow him the reasonable time of service after the expiration of the limitation period to give notice to a new party he seeks to bring in under rule 15(c). *See Williams v. United States,* 711 F.2d at 898 & n. 8; *accord, e.g., Hughes v. United States,* 701 F.2d 56, 58 (7th Cir.1982); *Stewart v. United States,* 655 F.2d 741, 742 (7th Cir.1981). The majority agrees, but finds an imputed notice to RCCL, A/S of the filing of this action.

Before the limitation period expired, Korn wrote RCCL, Inc. about his injury. The majority correctly states this would not constitute notice of the filing of a lawsuit. *See Craig v. United States,* 413 F.2d 854, 857 (9th Cir.), *cert. denied,* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969). This was the only time Korn dealt directly with RCCL, Inc. until he served the company after the limitation period expired.

Korn then corresponded with CMA, the claims representative for RCCL, Inc. CMA regularly sent copies of its correspondence about Korn to Port Cruise Services, Inc., apparently the operating agent for RCCL, A/S. Korn never wrote CMA advising that he had filed a suit, and there was no letter from CMA to that effect. Nothing in the record indicates that Port Cruise Services, Inc. received anything from CMA other than copies of correspondence; the record therefore indicates Port Cruise Services, Inc. did not receive any notice that Korn filed suit.

Korn's attorney did have an associate telephone CMA after Korn filed suit. The associate did not speak to the claims representative handling the Korn claim. She did speak to someone, told him Korn had filed suit, and asked him if RCCL, Inc. was the proper defendant. That someone told her RCCL, Inc. was the proper defendant because it operated in the United States and RCCL, A/S operated in Norway. Nothing in the record indicates that this person gave the information to the agent handling the Korn claim.

At best, the record indicates that CMA acted as RCCL, Inc.'s limited agent for claims-handling purposes. Nothing in the record shows that CMA acted as agent for RCCL, Inc. for any purposes beyond negotiating Korn's claim. The record also does not indicate CMA ever acted as agent for RCCL, A/S.

Despite the absence in the record of any basis for attributing notice to RCCL, A/S, before the limitation period expired, that Korn had filed suit, the majority finds a "sufficient community of interest" to impute such knowledge. We are left to guess what this means. I find the record insufficient to breathe life into this speculation. Nor has the majority pointed to evidence in the record to impute such notice among independent, though business-related, corporations.

Because of the lack in the record of any sufficient notice, actual or imputed, I conclude that the court did not abuse its discre-

tion in denying Korn's rule 15(c) motion, and I would affirm.