Robert BELL and wife, Patsy Bell, Plaintiffs,

v.

P & B MANUFACTURING CORPORATION and Balkamp, Inc., Defendants.

No. 85–1010.

United States District Court, W.D. Tennessee, E.D.

Sept. 18, 1985.

Ricky L. Boren of Hill, Boren & Strickland, Jackson, Tenn., for plaintiffs.

Jerry Kizer, Jr. of Menzies, Rainey, Kizer & Alderson, Jackson, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT P & B's MOTION TO DISMISS

TODD, District Judge.

Plaintiffs filed this action on January 18, 1985, seeking damages for a personal injury sustained by plaintiff Robert Bell. Named in the complaint as defendants were T & B Manufacturing Corporation (T & B) and Balkamp, Incorporated. The plaintiffs discovered on January 24, 1985, that the corporation that made the allegedly defective product was actually P & B Manufacturing Corporation (P & B) and amended their complaint on January 28, 1985, changing defendant T & B to P & B. Defendant P & B has moved to dismiss the complaint against it on the grounds that Tennessee's one year statute of limitations for personal injury claims bars the action.

Rule 15(c) of the Federal Rules of Civil Procedure (FRCP) governs relation back of amendments and provides that an amendment changing the name of a party in the complaint relates back if within the period provided by the state in which to commence the action the party "(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Fed.R.Civ.P. 15(c). In this action based on diversity jurisdiction, the law of Tennessee must be used to determine the applicable statute of limitations. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). The date on which this action was commenced and the "period provided by law for commencing the action" are also determined by Tennessee law. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

The statute of limitations in Tennessee for a personal injury allegedly due to a defective product is one year after the date of the injury. Tenn.Code Ann. § 28-3-104(b) (1980). An action is commenced in Tennessee by filing of the complaint. Tenn.R.Civ.P. 3. Once a complaint is filed, the statute of limitations is tolled. If the defendant is not served or process is not returned within thirty days, the plaintiff must either obtain new process within six months of the previous one or recommence the action within one year of the date the original process was issued in order to rely on the date of the complaint as tolling the statute of limitations. *Id.* For the purposes of Rule 15(c), the period provided by Tennessee law for commencing the action includes the period in which the limitations period is tolled.[1] *See Adams v. Carter Co.*

---

1. In *Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403 (6th Cir.1982), the Sixth Circuit Court of Appeals found that under Michigan law the period provided for service of process did not

*Mem. Hosp.*, 548 S.W.2d 307 (Tenn.1977). *Cf. Hunt v. Broce Constr., Inc.*, 674 F.2d 834 (10th Cir.1982) (period to commence action in Oklahoma held to include 60 day period provided by Oklahoma law in which to serve summons.)

The injury complained of in this case allegedly occurred on January 19, 1984. The plaintiffs' complaint was filed on January 18, 1985, within the one year period provided by Tenn.Code Ann. § 28–3–104(a). This complaint was amended on January 28, 1985, to name P & B as a defendant and P & B was served with notice of the action February 4, 1985. Plaintiffs contend that the reference to T & B in the original complaint was a misnomer and that their amendment to name P & B as the correct defendant should relate back to the date of the original complaint under Rule 15(c) of the FRCP. P & B contends that this was not a misnomer, but simply a case in which the wrong party was named as a defendant and that Rule 15(c) does not permit addition of P & B as a new party under the facts of this case.

■ In cases involving an incorrect description of a party, or "misnomer," if "it is clear that the person before the court is the person plaintiff intended to sue, [a] corrective amendment has been held to relate back." 3 J. Moore, Moore's Federal Practice ¶ 15.15[4.–1] (2d ed. 1976). Rule 15(c) permits correction of a misnomer but does not permit a new party to be added or substituted after the applicable statute of limitations has expired. *Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403, 405 (6th Cir.1982). In order for a change in the description of a party to relate back under Rule 15(c), the incorrectly described party must receive "sufficient notice of the action so as not to be prejudiced in defending the case." *Id.*

■ With respect to the first requirement of Rule 15(c), P & B was served with notice of the action within thirty days of the filing of the original complaint. As noted above, the statute of limitations is tolled during the thirty day period which the plaintiff has to serve notice of the action on the defendant and is, therefore, a part of the period provided by Tennessee law for commencing the action. Even a party correctly named in a complaint may not receive notice of the action until after the limitations period has run. Such a party may not escape liability on a statute of limitations defense, however, if the complaint was timely filed. It is difficult to envision how a party not named in the complaint but served within thirty days thereafter can be prejudiced in maintaining his defense when a correctly named defendant would not be. *See Ingram v. Kumar*, 585 F.2d 566 (2d Cir.1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979). This court finds, therefore, that service of notice of the action on defendant P & B within thirty days from the date the original complaint in this action was timely filed satisfies the first requirement of Rule 15(c) even though P & B was not named in the original complaint.

The second requirement of Rule 15(c) is that the party who was inadvertently misnamed in the complaint knew, or should have known, that, but for the mistake made by the plaintiff, the action would have been brought against him. As with the first requirement, the defendant must be charged with this knowledge in the period that Tennessee law provides for commencing the action. Service of the amended complaint on P & B on February 4, 1985, was within thirty days of the filing of the original complaint and thus within the period in which Tennessee law tolls the statute of limitations. At that time, P & B knew that, but for plaintiffs' mistake, the origi-

affect or toll the limitations period and thus was not a part of the "period provided by law for commencing the action." *Id.* at 405, n. 1. In light of the Tennessee Supreme Court's decision in *Adams v. Carter Co. Mem. Hosp.*, 548 S.W.2d 307 (Tenn.1977), the service period provided by Rule 3. of the Tennessee Rules of Civil Procedure does toll the limitations period and is a part of the commencement period mentioned in Rule 15(c). It is important to note, however, that such a construction of the wording of Rule 15(c) has no effect on the state limitations period and does not extend the time in which a complaint must be filed.

nal complaint would have correctly named P & B as a defendant. Accordingly, the second requirement of Rule 15(c) is also satisfied.

Further support for allowing relation back of the amendment in this case can be found in the fact that P & B's insurance company was given notice on January 18, 1985, that plaintiffs intended to file this action. On that date, the plaintiffs' attorney telephoned the claims adjuster for P & B's insurance company and told her that a complaint would be filed against both defendants. During this telephone conversation, plaintiffs' attorney was informed that the allegedly defective product was made by P & B and distributed by defendant Balkamp. The complaint in this case was filed the same day, mistakenly identifying P & B as T & B. In a case also involving notice to a claims adjuster, the Ninth Circuit Court of Appeals reversed a district court's denial of a motion to amend a complaint to correctly name the defendant. *Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397 (9th Cir.1984). In *Korn,* the court found that timely notice to the insurance company of the defendant inadvertantly omitted from the complaint was sufficient notice to the defendant that it would not be prejudiced in defending the action on the merits. *Id.* at 1401. This court finds itself in agreement with the *Korn* court. In addition to the informal notice received by P & B's insurance company, settlement negotiations had been in progress for several months. There is no reason for not imputing to P & B the knowledge of its insurance company as this court finds that no prejudice will thereby be suffered by P & B.

In light of the foregoing, this court holds, under the facts of this case, that the plaintiff who timely filed but misnamed a defendant in his original complaint will be permitted to amend the complaint to reflect the correct name of the defendant. Such an amendment will relate back to the date of the original complaint since process was served on the misnamed party within thirty days of the date of the original complaint. Because P & B was served within the thir-

ty day period and will not be prejudiced in maintaining its defense on the merits, the amended complaint relates back to January 18, 1985, the date the original complaint was filed, and is not barred by the statute of limitations. Accordingly, defendant P & B's motion to dismiss is denied.

IT IS SO ORDERED.