Betty HAYNES

v.

Homa LOCKS, et al.

No. CIV–2–88–99.

United States District Court,
E.D. Tennessee,
Northeastern Division.

May 1, 1989.

Stephenson Todd, Kingsport, Tenn., for plaintiff.

John A. McReynolds, Knoxville, Tenn., for defendants.

## ORDER

HULL, Chief Judge.

This products liability matter came before the Court on March 24, 1989 for an oral hearing on the motions to reconsider filed by the plaintiff and by the defendants, Fest AG–Pneumatik and Fest K.G. At that time, the Court gave the parties additional time to submit supplemental briefs, and the plaintiff has done so. After careful consideration of the record as a whole, as well as the oral argument of counsel in open Court, the Court now makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. The plaintiff was injured on April 1, 1987, while operating a pneumatic press at Arcata Graphics/Sherwood in Kingsport, Tennessee.

2. On November 5, 1987, plaintiff's attorneys went to Arcata to ascertain which parties were responsible for the sale and manufacture of this press. Plaintiff's attorneys were furnished a copy of the catalog from which the press was ordered at that time. Plaintiff's attorneys were told that Homa Locks had manufactured the press in question by an employee of Arcata and the catalog furnished to the plaintiff's attorneys was from the defendant Homa Locks.

3. On November 5, 1987, plaintiff's attorneys observed the name Festo on one of the component parts of the machine.

4. From this visual inspection of the press on November 5, 1987, and from review of the catalog received on November 5, 1987, plaintiff's attorneys concluded that Homa Locks was the manufacturer of the press in question.

5. Plaintiff filed her original complaint on March 29, 1988 against the defendants Homa Locks and Festo Corporation.

6. Festo Corporation was served with process on April 7, 1988.

7. On June 13, 1988, the defendant Homa Locks filed its answer which contained the names and addresses of the correct manufacturer of the press, Haas & Aberli, and of the correct manufacturer of the component parts of the press, Fest AG–Pneumatik.

8. On August 17, 1988, the plaintiff filed a motion to amend her complaint to add additional defendants.

9. On August 19, 1988, Festo Corporation filed an unopposed motion for summary judgment alleging no connection with the subject press although Festo is a subsidiary of Festo AG–Pneumatik. Festo also furnished the name of third defendant, Fest K.G., which had manufactured a component part. This motion was subsequently granted by the Court.

10. On August 25, 1988, the Court granted the plaintiff's motion to amend complaint.

11. On October 6, 1988, the plaintiff filed her amended complaint which added the defendants Haas Aberli, Fest AG–Pneumatik, and Fest KG, who were named in the answer filed by Homa Locks on June 13, 1988, and in the motion for summary judgment filed by Festo Corporation filed on August 19, 1988.

### CONCLUSIONS OF LAW

1. The Court finds that the plaintiff's motion to reconsider the Court's dismissal of the complaint against Haas Aberli as being barred by the statute of limitations is not well-taken on the basis of plaintiff's theory of due diligence.

It is well settled that a cause of action accrues when the plaintiff knows of a causal connection between the product and the injury. *Webber v. Union Carbide Corp.*, 653 S.W.2d 409 (Tenn.App.1983). Obviously, the plaintiff in this cause knew that there was a connection between her injury and the press on April 1, 1987. The element of due diligence does come into play as far as the discovery of this causal connection. As the Court in *Gibson v. Lockwood Products*, 724 S.W.2d 756, 758 (Tenn. App.1986) explains:

A cause of action in a case such as the one before us accrues when the plaintiff discovers a causal connection between the injury and the product that caused the injury, or when in the exercise of reasonable care and due diligence, the plaintiff should have discovered the causal connection.

The plaintiff in this cause argues that due diligence also applies to ascertaining the identity of the manufacturer of a product, therefore, due diligence in determining the identity of the defendants will toll the statute of limitations. However, this theory was specifically addressed in *Gibson, supra,* at 758 as follows:

> The plaintiff in *Webber* relied on *Gilbert v. Jones,* 523 S.W.2d 211 (Tenn.App. 1974), for the proposition that the statute begins to run when the party who has wronged the plaintiff is discovered. Judge Parrott, writing for the Court in *Webber,* stated:

> There is nothing in *Gilbert* to suggest, however, that the statute should have been tolled until the plaintiff could identify as defendants the manufacturers of specific ingredients or substances contained in the contraceptives. Once the contraceptives were recognized as the cause of the illness, the cause of action accrued.

653 S.W.2d at 412.

Therefore, the Court finds that while the plaintiff was attempting to identify the correct defendants in this cause, that the statute of limitations was not tolled, and that the plaintiff's amended complaint adding the defendant Haas & Aberli is time-barred. Accordingly, the plaintiff's motion to reconsider is DENIED.

The plaintiff's complaint in regard to the defendants Fest AG–Pneumatik and Fest KG is also time barred unless the plaintiff's amended complaint relates back to the filing of the original complaint in this cause.

2. The Court finds that the motion to reconsider filed by the defendants Fest AG–Pneumatik and Fest KG is well-taken because the amended complaint in this cause does not relate back because the elements of Rule 15(c) of the Federal Rules of Civil Procedure have not been satisfied.

Although the Court finds that these defendants had constructive notice on April 7, 1988, when their subsidiary Festo Corporation was served, it is undisputed that this constructive notice was received after the expiration of the statute of limitations in this cause. The United States Supreme Court has specifically ruled that for an amendment to relate back under Rule 15(c), that the party to be added must have received notice prior to the expiration of the applicable limitations period. *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

It is apparent that the plaintiff would have received a thirty-day extension to the statute of limitations if this action had been filed in Tennessee state courts pursuant to Rule 3 of the Tennessee Rules of Civil Procedure; *see Adams v. Carter Co. Mem. Hosp.,* 548 S.W.2d 307 (Tenn.1977); and that as recently as *Bell v. P & B Mfg. Corp.,* 107 F.R.D. 371 (W.D.1985), the plaintiff would have also received this thirty-day extension for service of process in federal court. However, the Court is now compelled to exclude periods for service of process under the dictates of *Schiavone.* The Court in *Schiavone* indicates that *certiorari* was granted to resolve once and for all the conflict among the circuits in regard to whether or not the time for commencing an action under Rule 15(c) does or does not include the period of time permitted for service of process. *Schiavone* unequivocally holds that periods of time for service of process cannot be included to extend the limitations period in Rule 15(c) cases. Therefore, *Schiavone* overrules *Bell* by implication; inasmuch as the plaintiff in *Bell* received the benefit of the thirty-day period permitted for service of process under Rule 3 of the Tennessee Rules of Civil Procedure.

The Court notes that this may be an inequitable result in many situations, but that in this case, as in *Schiavone,* the plaintiff created the risk by filing her suit close to the end of the limitations period.

Therefore, because the defendants Fest AG–Pneumatik and Fest KG did not receive notice of this action before the statute of limitations expired, the amended complaint adding these defendants is also time-barred because this amendment does not relate back. Accordingly, the motion to reconsider filed by these defendants is GRANTED in this regard and the plaintiff's complaint against these defendants is DISMISSED. Defendants' motion in regard to jurisdiction is hereby rendered MOOT.