**Cindy SMITH, Plaintiff,**

v.

**TW SERVICES, INC., Defendant.**

**No. 3:90–0696.**

United States District Court, M.D. Tennessee, Nashville Division.

Aug. 19, 1991.

Isham B. Bradley, Adams, Taylor, Philbin, Pigue & Marchetti, Nashville, Tenn., for defendant TW Services, Inc.

Bob Lynch, Jr., Nashville, Tenn., for plaintiff Cindy Smith.

Tom Corts, Nashville, Tenn., for Lucius P. Hawes, Jr. (original counsel for plaintiff Cindy Smith).

### ORDER

JOHN T. NIXON, Chief Judge.

The Court is in receipt of the Magistrate's Report and Recommendation for the above-styled case to which an objec-

tion has been filed. Finding the objection to be without merit, the Court hereby ADOPTS the Magistrate's Report and Recommendation in its entirety.

The Supreme Court has ruled that a party to be brought in by amendment must receive notice within the statute of limitations period, *Shiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986). However, the notice required by *Shiavone* does not need to be formal. *See Berndt v. Tennessee,* 796 F.2d 879, 884 (6th Cir.1986).

In the instant case, plaintiff had numerous communications with the defendant's insurance company, including letters informing them of the suit and forwarding an "information copy" of the complaint. The Court agrees with the Magistrate that these correspondences provided or should have provided the defendant with sufficient notice of the suit to satisfy the criteria for an amended complaint pursuant to Fed. R.Civ.P. 15(c). *See Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397, 1401 (9th Cir.1984).

Accordingly, defendant's motion to dismiss the complaint on the grounds that the statute of limitations has run is DENIED.

## REPORT AND RECOMMENDATION

SANDIDGE, United States Magistrate Judge.

By an order dated March 8, 1991, the Court referred this action to the undersigned for consideration of any pretrial matters, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules of Court.

### I. *Factual Background*

On August 9, 1989, the plaintiff Cindy Smith fell and suffered injuries when she tripped over a loose piece of tile at the Hardee's Restaurant on Madison Street in Clarksville, Tennessee. The restaurant is owned and operated by TW Services, Inc. ("TW") pursuant to a license agreement entered into on October 26, 1972, between Spartan Food Systems, Inc. ("Spartan")

and Hardee's Food Systems, Inc. ("Hardee's"). With Hardee's consent, TW assumed Spartan's position as Hardee's licensee when Spartan merged into TW in 1986.

By a letter dated August 16, 1989, plaintiff's counsel contacted Mr. Larry Reasons of Gay & Taylor, insurance adjusters for Hardee's, advising Mr. Reasons of the accident and of counsel's representation of the plaintiff. Mr. Reasons confirmed receipt of that letter and requested further correspondence and discussion. In following letters to Mr. Reasons, plaintiff's counsel detailed plaintiff's injuries and medical situation.

At some point, the Seibels–Bruce Insurance Companies ("SBIC"), liability insurer for Spartan/TW, assumed the handling of the plaintiff's claim. By a letter dated February 27, 1990, Patsy Geib, Claims Representative of SBIC, advised plaintiff's counsel to direct all future correspondence and questions to her.

Plaintiff's counsel then sent a series of letters to Ms. Geib, referring to SBIC's insured as "Spartan Food Systems, Inc./Hardee's Rest." Beginning with a letter dated March 21, 1990, plaintiff's counsel provided documentation of plaintiff's injuries, medical situation and medical expenditures. Plaintiff's counsel also requested settlement discussions and stated that he would withhold commencement of a suit in order to discuss settlement possibilities. In a July 23, 1990, letter, plaintiff's counsel summarized the plaintiff's injuries and medical situation and stated that he had "no alternative except to file suit, to protect against the statute of limitations." Finally, with a letter dated August 2, 1990,[1] directed to Mr. Cody Sheeley of SBIC, plaintiff's counsel enclosed an "information copy" of the complaint as well as a proposed stipulation to hold the case in abeyance.

On August 6, 1990, plaintiff filed with the Court the complaint in this diversity action. However, plaintiff named "Har-

---

**1.** The undersigned notes the discrepancy between the August 2, 1990 date of the letter and the letter's reference to an August 3, 1990 discussion that had already taken place.

dee's Food Systems, Inc." as the sole defendant.

On August 8, 1990, the one-year statute of limitations in this action ran, pursuant to § 28–3–104, Tenn.Code Ann. Hardee's was not served with the summons and complaint until August 13, 1990.

By an order dated November 8, 1990, the Court granted Hardee's motion to dismiss pursuant to Rule 12(b)(6), on the grounds that it was not the proper party defendant. With that same order the Court also granted plaintiff's motion to amend her complaint to include TW as a defendant. However, the Court allowed the amendment to plaintiff's complaint without prejudice to TW's right to raise a statute of limitations defense.

On January 4, 1991, TW filed the instant Motion to Vacate Service of Process and to Dismiss the Complaint on the Ground of the Statute of Limitations.[2] TW filed with this motion an affidavit of the general counsel of TW and Spartan, stating that corporate records reflect that TW did not receive notice of this action until August 17, 1990. On that date, TW received a transmittal from Hardee's enclosing a copy of the summons and complaint and demanding that TW handle the claim.

The sole issue on this motion to dismiss[3] is whether the communication between plaintiff's counsel and SBIC, and the filing of the suit against Hardee's, provide sufficient notice to TW to satisfy the requirements of Rule 15(c), Fed.R.Civ.P., so that the amendment to include TW as the proper party defendant may relate back to the date of the filing of the original complaint. This question, whether notice to a liability insurer can provide the sole basis for Rule 15(c) notice to a new defendant, has not been addressed in this circuit. The undersigned concludes that TW received sufficient notice of this suit that the plaintiff's amendment should relate back to the date of the original complaint.

## II. *Discussion*

### A. The *Schiavone* Test

In *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986), the Supreme Court interpreted Rule 15(c) to mean that:

Relation back is dependent upon four factors, all of which must be satisfied:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading;

(2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;

(3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and

(4) the second and third requirements must have been fulfilled within the prescribed limitations period.[4]

---

**2.** At oral argument, Defendant conceded the claim based on improper service of process. Thus, we have only the statute of limitations claim to consider.

**3.** This motion to dismiss has been treated as a motion for summary judgment in accordance with an order of the Court dated January 23, 1991.

**4.** The undersigned notes that a recent proposed amendment to Rule 15(c) extends the period within which the party to be brought into an action must receive notice. Instead of requiring notice within the "prescribed limitations period" as *Schiavone* interpreted the older version of 15(c), the new version would explicitly grant the plaintiff the more generous service of process period provided by proposed Rule 4(m). Amendments to the Federal Rules of Civil Pro-

cedure, Communication from The Chief Justice, April 30, 1991, House Doc. 102–77, at 3–4. There would be no relation-back issue if the new version of Rule 15(c) applied to this case.

The notes to the new version state that: "Rule 15 would be amended to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense. It would compel a different result in cases like *Schiavone v. Fortune.*" *Id.* at 50. Even if these revisions and notes clarify Congress' true intent in drafting the older version of Rule 15(c), we are still bound by the interpretation given to that rule by *Schiavone.* The undersigned accepts *Schiavone* as the last word as to what Rule 15(c) means as applied to this case. However, the plaintiff in this action can still successfully argue her case within the *Schiavone* framework, as discussed in this Report and Recommendation.

Although *Schiavone* sets out the applicable legal standards, the particular facts of that case are not controlling here. In *Schiavone*, the plaintiff argued that the improperly named defendant, Fortune, and the party sought to be substituted, Time, Inc., had such commonality of interest that notice to one was in fact notice to the other. *Id.* at 26, 106 S.Ct. at 2382. *Schiavone* is thus a so-called "identity of interest" case. "Identity of interest" is used to denote a close relationship between a named and an unnamed defendant.

After assuming *arguendo* the validity of this "identity of interest" exception, the Court in *Schiavone* found that neither party had received notice within the limitations period. Thus, notice to the named party could not be imputed to the unnamed but related party within the limitations period as required by Rule 15(c). *Id.* at 27, 106 S.Ct. at 2383.

The instant case, however, is not an "identity of interest" case. There is no effective allegation or argument that Hardee's and TW are closely linked parties and that notice to Hardee's within the limitations period would thus constitute timely notice to TW. Indeed, such an argument would necessarily fail because, just like Fortune and Time, Inc. in *Schiavone*, neither Hardee's nor TW received notice of the suit within the limitations period.

The present case does not hinge on the relationship between the named party and the unnamed defendant, but rather on the relationship between the unnamed but informed insurance agent and the unnamed defendant. In both types of cases, however, notice will be imputed to the proper defendant when a related entity receives notice within the limitations period.

In this case there can be no doubt that SBIC had notice of the claim shortly after the accident and well before the running of the statute of limitations. SBIC also had notice of the lawsuit within the limitations period. The only issue, then, is whether this timely notice to SBIC is sufficient to fulfill the Rule 15(c) criteria with respect to TW.

Although *Schiavone* concerns an identity of interest case, the Court might have offered some useful guidelines in evaluating the sufficiency of the notice to the defendant in this case. Unfortunately, the Court in *Schiavone* merely noted that neither Fortune nor Time, Inc. had notice within the limitations period, and did not discuss the notice requirement in any greater detail. The Court did, however, set out the basic legal standards for Rule 15(c) cases.

### B. Application

The first requirement of the *Schiavone* test is clearly satisfied in this case because the basic claim is exactly the same as that set forth in the original pleading.

The second requirement is the most difficult to resolve. As to this requirement, *Schiavone* states that the party to be brought into the action must have received "such notice that it will not be prejudiced in maintaining its defense." 477 U.S. at 29, 106 S.Ct. at 2384.

■ Plaintiff argues that constructive notice to the defendant is sufficient to satisfy the requirements of Rule 15(c), and relies on *Berndt v. State of Tennessee*, 796 F.2d 879 (6th Cir.1986). TW correctly points out that the *Berndt* case involves an "identity of interest" situation between the named State of Tennessee and the individual defendants attempted to be brought in. Reply to Plaintiff's Response at 2. TW also stresses that the named defendant in *Berndt* received service within the limitations period. Reply at 2. This fact, however, is irrelevant in the instant case where the focus is on the insurance agent, not the named party. The *Berndt* court's strong language in discussing Rule 15(c) notice is sufficiently broad and guides the instant decision: "We believe that Rule 15(c) does not require that the new defendants received actual notice. It is enough that the new defendants received constructive notice of the suit. Under some circumstances, notice can also be imputed to a new defendant." 796 F.2d at 884 (citations omitted). The undersigned also finds persuasive *Korn v. Royal Caribbean Cruise Line, Inc.*, where the Ninth Circuit reiterated "[t]he rule that the notice required

under 15(c) [can] be either formal or informal so long as the party to be added [is] not prejudiced in maintaining its defense." 724 F.2d 1397, 1399 (9th Cir.1984).

TW refers to its records reflecting that actual, formal notice of the filing of this action was not received until August 17, 1990. This date of formal notice has not been disputed. TW argues that the Court in *Schiavone* held that "if the proposed defendant did not have actual knowledge of the institution of the lawsuit prior to the expiration of the running of the statute of limitations ... Rule 15(c) could not be utilized to bring the party into the litigation." Motion To Dismiss at 4. The undersigned is unable to find that exact language in *Schiavone*. Actual, formal notice to the defendant within the limitations period is not necessary to satisfy the requirements of Rule 15(c).

■ In seeking to establish the sufficiency of its notice to TW, the plaintiff relies primarily on *Korn, supra,* a case factually similar to the instant case. In *Korn,* the plaintiff's complaint mistakenly did not name the proper party ship owner as the defendant, but instead named a related marketing corporation. Also, plaintiff's counsel in *Korn* had engaged in correspondence with the ship owner's insurance agent. This correspondence identified the specific injury incident, transmitted medical reports and bills, and requested settlement. When no response was forthcoming, plaintiff filed the complaint within the limitations period. The court found that the claims agent knew of the pending suit and its filing. The court also noted that the claims agent had access to the medical reports and bills and occupied a superior position from which to fully explore the facts surrounding the damage claim. The court concluded that this was a sufficient foundation to impute knowledge of the action to the new defendant. *Id.* at 1401.

This reasoning compels a similar result in the instant case.

TW argues that *Korn* is inapposite because it deals with an "identity of interest" situation. However, the court in *Korn* found sufficient notice to the defendant not only because of its kinship with the named party but also because of notice to its insurance agent within the limitations period. It is thus both an "identity of interest" case as well as an "insurance agent notice" case. The instant case rests solely on the latter theory, but does not necessarily fail because of its reliance on that single basis.

Plaintiff also relies on *Bell v. P & B Manufacturing Corporation,* 107 F.R.D. 371 (W.D.Tenn.1985), which cited and followed *Korn*. The *Bell* case is distinguishable because it is a simple "misnomer" case, that is, the plaintiff named the correct defendant but inadvertently misspelled the defendant's name. A misnomer case will be decided on more lenient grounds. *See id.* at 373. *See also Korn,* 724 F.2d at 1402 (dissenting opinion). The *Bell* court held that, at least in this case, the limitations period could be extended to include the Tennessee service of process period. 107 F.R.D. at 372.[5] But the court found further support for allowing relation back of the amendment in the fact that defendant's insurance company had been given notice, within the limitations period, of plaintiff's intention to file suit. *Id.* at 374. The language used by the court applies forcefully here as well: "In addition to the informal notice received by [defendant's] insurance company, settlement negotiations had been in progress for several months. There is no reason for not imputing to [defendant] the knowledge of its insurance company as this court finds that no prejudice will thereby be suffered by [defendant]." *Id.* Notice to an insurance agent can constitute sufficient notice to the defendant to satisfy the requirements of Rule 15(c).[6]

5. The court in *Haynes v. Locks,* 711 F.Supp. 901, 903 (E.D.Tenn.1989) stated that *"Schiavone* overrules *Bell* by implication;" but only "inasmuch as the plaintiff in *Bell* received the benefit of the thirty-day period permitted for service of process under [Tennessee Rules]." However, neither *Schiavone* nor *Haynes* addressed the specific question of notice to an insurance agent within the limitations period.

6. At oral argument, plaintiff's counsel argued that actual notice to an agent, the insurance claims adjuster, constitutes actual notice to the

TW argues that *Schiavone* requires notice within the limitations period of the *filing of a lawsuit*, not merely notice of a *claim*. Motion to Dismiss at 4; Reply to Plaintiff's Response at 2. Even assuming this strict interpretation, *see Schiavone*, 477 U.S. at 27, 106 S.Ct. at 2383; *cf. Bell*, 107 F.R.D. at 374 (insurance company merely knew of plaintiff's *intention* to file suit), the facts of this case still fall within the requirement. Shortly after the accident, SBIC became aware of the claim. Plaintiff's counsel sent a series of letters concerning the claim. SBIC also must have known, within the limitations period, of the filing of the lawsuit. SBIC was aware that plaintiff's counsel was trying to file before the limitations period and must have known that the suit was impending. Most significantly, they received an "information copy" of the complaint with the letter from plaintiff's counsel dated August 2, 1990. These facts are not in dispute, and TW offers no evidence to suggest that SBIC did not receive notice of the filing of the suit before August 9, 1990. The undersigned concludes that SBIC knew full well of the claim and of the lawsuit before August 9, 1990.

■ At oral argument, TW maintained that a showing of prejudice to the defendant is irrelevant to the issue of notice. However, the second *Schiavone* requirement clearly obligates the plaintiff to provide only such notice sufficient to prevent prejudice in the maintenance of a defense. Intuitively, there is little prejudice to a defendant when his own liability insurer, who will likely be heavily involved in the defense, has notice of a suit within the limitations period. SBIC had full authority to investigate and settle the claim and would play a key role in the impending litigation. This is not a so-called "identity of interest" case, but there is still a substantial unity of interests between SBIC and TW with respect to this litigation. Finally, TW has neither alleged nor established any prejudice it might suffer in defending this suit.

Based on the prolonged correspondence between plaintiff's counsel and TW's liability insurer, including settlement requests, injury/medical updates and finally a copy of the complaint, the undersigned concludes that TW received sufficient notice of this action that it will not be prejudiced in the maintenance of its defense.

■ The third *Schiavone* requirement is also satisfied in this case. As to this requirement, plaintiff relies on *Richmond v. McElyea*, 130 F.R.D. 377 (E.D.Tenn.1990). Defendant correctly points out that *Richmond* is an "identity of interest" case concerning the addition of individual defendants who were employees of the named defendant Knox County. The court first found that the second *Schiavone* requirement (Rule 15(c)(1)) was met because the county had been served within the limitations period, because the defendants as employees of the county had received constructive notice of the action, and because the defendant's ability to maintain a defense had not been prejudiced. The court next stated that "if the defendants to be added had sufficient notice within the limitations period as required by Rule 15(c)(1) ... then they reasonably should know that but for a mistake as to the proper party, the suit would have been brought against them." *Id.* at 382. The undersigned finds that language sufficiently broad to be applicable to this case as well. To some degree, if the second *Schiavone* requirement has been met then the third requirement follows.

In this case we must judge knowledge of the mistake from the perspective of the insurance company. When SBIC received the complaint with the letter dated August 2, 1990, they must or should have known that the naming of Hardee's as the sole defendant was the result of a simple mistake. This is especially clear in light of the previous letters from plaintiff's counsel, which listed SBIC's insured as "Spartan Food Systems, Inc./Hardee's Rest." The

client/principal. Because the undersigned finds that constructive notice, sufficient to prevent prejudice in the maintenance of a defense,

is adequate notice in this Rule 15(c) case, the questions of agency and actual notice will not be addressed.

**150**

August 2, 1990 letter itself listed SBIC's insured as "Spartan Food Systems, Inc./Hardees," though the enclosed complaint named only Hardee's.

The fourth *Schiavone* requirement is met because both the second and third requirements were fulfilled within the limitations period. TW had notice of the claim and the lawsuit, constructively through SBIC, within the limitations period. Also, upon their receipt of plaintiff's August 2, 1990 letter enclosing the complaint, SBIC must or should have known that the naming of Hardee's as sole defendant was the result of a mistake.

The four elements of *Schiavone* having been satisfied, the undersigned concludes that the defendant TW is not entitled to judgment as a matter of law.

### RECOMMENDATION

Based on the foregoing analysis, the undersigned respectfully recommends that the defendant's summary judgment motion be DENIED and that the plaintiff's amendment to include TW as the proper party defendant be allowed to relate back to the date of the original complaint.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice, and must state with particularity the specific portions of this Report, or the proposed findings or recommendation to which objection is made. Failure to file objections within the specified time waives the right to appeal the District Court's Order. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).