Tilford ALLEN, Plaintiff–Appellant,

v.

**RIVER EDGE MOTOR LODGE, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

April 28, 1993.

Rehearing Denied June 2, 1993.

Permission to Appeal Denied by Supreme Court Sept. 7, 1993.

Vic Pryor, Jacksboro, for plaintiff-appellant.

Libba Bond, Roy F. Satterwhite, III, London & Amburn, P.C., Knoxville, for defendant-appellee.

OPINION

FRANKS, Judge.

The Trial Court dismissed this action by granting summary judgment saying: "For reason that the proper defendant did not receive notice of the lawsuit within the statute of limitations."

The pertinent facts are not in dispute. Plaintiff fell from a balcony at the River Edge Motor Lodge on June 16, 1990. Plaintiff initiated this action for personal injuries on June 13, 1991, naming as a defendant the River Edge Motor Lodge which was described in the complaint as a "business providing hotel accommodations in Gatlinburg, Tennessee." A desk clerk at the lodge was served with process on June 18, 1991. The

answer filed revealed the lodge was owned by Booth Enterprises, Inc. On March 10, 1992, plaintiff's counsel moved to amend the complaint and named Booth Enterprises, Inc. and Jeanette Booth as defendants.[1] In response, the motion for summary judgment was filed.

On appeal, plaintiff argues the amended complaint relates back to the filing of the original complaint because the lodge was served within thirty days of the filing of the action, relying upon *Bell v. P. & B. Manufacturing Corp.*, 107 F.R.D. 371 (W.D.Tenn. 1985). He contends that since Booth Enterprises owns the lodge, notice to an employee of the lodge constituted constructive notice to Booth Enterprises, Inc. Defendant argues that under *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), plaintiff's failure to notify the lodge or Booth Enterprises, Inc. of the lawsuit before the expiration of the statute of limitation, bars relief.

Tennessee Rules of Civil Procedure 15.03 provides:

"**Rule 15.03 Relation Back of Amendments**

Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the proper party, the action would have been brought against him. Except as above specified,

nothing in this rule shall be construed to extend any period of limitations governing the time in which any action may be brought."

 Prior to the amendment of the Federal Rule, our Rule and the Federal Rule were virtually identical except for the last sentence of 15.03.[2] Our prior case law has cited to Federal case analysis of Federal Rule 15(c) in construing Tennessee Rules of Civil Procedure Rule 15.03. *See e.g., Chapman v. King*, 572 S.W.2d 925 (Tenn.1978), and *Gamble v. Hospital Corporation of America*, 676 S.W.2d 340 (Tenn.App.1984). The clear language of Rule 15.03, the Committee comment to the Rule and applicable cases, establish that a party sought to be added by amendment must receive notice of the lawsuit before the limitation period expires, in order for the amendment to relate back to the filing of the complaint.

In *Smith v. Southeastern Properties, Ltd.*, 776 S.W.2d 106 (Tenn.App.1989), personal injury occurred on June 10, 1984 and a complaint was filed on May 15, 1985. But service on the added party was outside the limitations period. The Court said that for purposes of Rule 15.03 "notice" means notice that a lawsuit has been filed, not awareness of the underlying incident. *Id.* at 109. The Court concluded that the Trial Court committed reversible error in allowing the amendment. Before Federal Rules of Civil Procedure 15(c) was amended, Federal courts applied the same kind of analysis to the facts in this case. *See Schiavone; Haynes v. Locks*, 711 F.Supp. 901 (E.D. Tenn.1989); *Stephens v. Balkamp*, 70 F.R.D. 49 (E.D. Tenn.1975).

 Appellant's reliance on *Bell v. P. & B. Manufacturing Corporation*, 107 F.R.D. 371 (W.D.Tenn.1985) is misplaced. *Schiavone* expressly declined to follow a *Bell* type rationale. 477 U.S. at 30, 106 S.Ct. at 2385 ("We are not inclined, either, to temper the plain meaning of the language by engrafting upon it an extension of the limitations period equal to the asserted reasonable time, inferred

---

1. According to plaintiff, Booth had advised the attorney that she owned the lodge.

2. In 1991, Federal Rules of Civil Procedure 15(c) was amended to permit notice within the time

period provided for service under Rule 4(j) which change apparently, was due to the decision in *Schiavone*.

from Rule 4, for the service of a timely filed complaint.") Moreover, *Haynes*, 711 F.Supp. at 903 said that *Schiavone* had effectively overruled *Bell*.

*Schiavone* triggered widespread criticism of the Federal rule, which resulted in its amendment. Under the Tennessee Rule, had the service of process on the original complaint been served before the expiration of the statutory period, a timely application to add these parties could have changed the result we reach. Under existing law, a proper party defendant does not have to be made aware of the action during the appropriate statutory period, so long as the complaint is filed within the statutory period. For consistency and fairness the Rule should be amended to allow relation back where the proper party received notice of the action within the time allowed for service of the original process.

Under the Rule we are required to affirm the judgment of the Trial Court at Appellant's cost.

SANDERS, P.J. (E.S.), and INMAN, Senior Judge, JJ.