Margaret DOWDY, Plaintiff–Appellant,

v.

**PRISON HEALTH SERVICES,**
**Defendant–Appellee.**

No. 00–6229.

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 2001.

**434**

Before BOGGS and GILMAN, Circuit Judges; QUIST, District Judge.*

## ORDER

Margaret Dowdy appeals through counsel the dismissal of her civil rights complaint, filed pursuant to 42 U.S.C. § 1983, as to the defendant Prison Health Services. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

Dowdy's son died while held as a pretrial detainee in a Davidson County, Tennessee jail, in November of 1996. On December 13, 1996, Dowdy filed a complaint against four deputy sheriffs and the metropolitan government, alleging excessive use of force and deliberate indifference to medical needs as the causes of her son's wrongful death. The complaint included information indicating that Dowdy was aware that her son had been attended by a nurse employed by Prison Health Services following his alleged beating. In March, 1997, discovery in the case was stayed because the individual defendants were under criminal investigation. While discovery was stayed, Dowdy amended her complaint to add causes of action under state law and the Americans With Disabilities Act. In January, 1998, while discovery remained stayed, she filed an amended complaint adding Prison Health Services as a defendant. Prison Health Services moved to dismiss the complaint for failure to state a claim because it was barred by the statute of limitations. The district court granted this motion and dismissed the complaint as to this defendant. The district court subsequently certified this order as immediately appealable pursuant to Fed. R.Civ.P. 54(b).

On appeal, Dowdy argues that the running of the statute of limitations should have been tolled during the period that discovery was stayed in this action.

The statute of limitations on civil rights actions in Tennessee is one year. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir.1992). Because Dowdy's son died in November, 1996, this complaint filed against Prison Health Services in January, 1998, would therefore be barred unless the running of the statute were tolled. Dowdy argues that the stay on discovery prevented her from filing a complaint against this

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

defendant. We conclude that this argument is without merit.

Dowdy does not identify the theory on which she bases her tolling argument. A narrowly applied doctrine is that of fraudulent concealment. Where a defendant conceals its conduct, preventing the plaintiff from discovering the cause of action within the limitations period, and the plaintiff exercised due diligence in trying to find out about the cause of action, tolling has been applied. *Hill v. United States Dep't of Labor*, 65 F.3d 1331, 1335–36 (6th Cir.1995). This doctrine would not apply to the instant case, however, because Dowdy has not shown that Prison Health Services concealed its conduct, or that she exercised due diligence in trying to find out about any potential cause of action. Dowdy relies solely on the fact that discovery was stayed, yet it remained stayed when she filed her amended complaint naming this defendant. Importantly, also, she has failed to identify what new information she obtained which led her to amend her complaint, which would have given the district court some basis on which to conclude that due diligence had been exercised.

The discovery rule can toll the running of the statute of limitations, but only when the plaintiff is not put on inquiry because she has no knowledge that an injury has occurred. *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680 (Tenn.1990). Here, Dowdy was clearly aware of the wrong having occurred, and was therefore put on inquiry to identify the proper defendants. The statute of limitations is not tolled while a plaintiff attempts to identify the correct defendants. *Haynes v. Locks*, 711 F.Supp. 901, 903 (E.D.Tenn.1989).

Dowdy's original complaint reveals that she was aware of this potential defendant within the statute of limitations. She has not identified any further information subsequently obtained that inspired her to add this defendant, which would show that the statute of limitations should have been tolled on any equitable basis. Accordingly, the district court's order dismissing the complaint as to Prison Health Services is affirmed.