**Marylee DILLON, Appellant,**

v.

**ADMIRAL CRUISES, INC., Appellee.**

**No. 91–2113.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1992.

Decided April 2, 1992.

Rehearing Denied May 28, 1992.

Joan M. Tanner, St. Louis, Mo., argued (M. Jane Matoesian, on the brief), for appellant.

Leo Nelson, St. Louis, Mo., argued for appellee.

Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Marylee Dillon planned a pleasant ocean voyage on the cruise ship Emerald Seas operated by Admiral Cruises, Inc. (Admiral). Her plans went awry when she fell over an obstruction in the passageway of the ship's lounge and fractured her hip. To compound her misery, when her lawyer sued the cruise line for damages, the district court summarily dismissed the action on defendant's motion. The district court held that the action came too late, beyond the time limitation of one year as printed in the ticket. In this appeal, Dillon attacks the adequacy of notice in the ticket and, alternatively, asserts that her facts establish an estoppel issue for trial. We agree with this alternative contention and reverse and remand this case.

## I. BACKGROUND

In March of 1989, Dillon purchased a ticket for a three day cruise, to begin April 7, 1989, aboard Admiral's cruise ship Emerald Seas. The accident occurred on April 8, 1989, when Dillon tripped and fell over a guitar case located in the aisle of the ship's lounge. Her injury has required substantial medical treatment and rehabilitation.

Subsequent to the accident, Dillon retained an attorney, who notified Admiral of her medical expenses, which Admiral, through its claims representative, Antony Picciurro, agreed to pay and did pay until May of 1990. Admiral admitted, for the purpose of summary judgment, that Picciurro told Dillon's attorney that they would discuss settlement after Dillon completed her medical treatment. In response to a request for settlement, submitted by Dillon's attorney in June of 1990, Picciurro, as Admiral's representative, denied the claim by asserting the one year limitation bar contained in the ticket.

Dillon brought this action on August 2, 1990, approximately fifteen months after the date of the injury. On April 10, 1991, the district court granted summary judgment in Admiral's favor. This timely appeal followed.

## II. DISCUSSION

We review the district court's grant of summary judgment under well-established criteria. We view the evidence in the light most favorable to Dillon, giving her the benefit of all reasonable inferences. *Woodsmith Publishing Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir.1990) (citations omitted). Summary judgment is proper only if there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c) (quoted in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

Admiralty law provides a three year statute of limitations for personal injury claims. 46 U.S.C.App. § 763a (1988). Section 183b(a) of Title 46, however, allows a limit as short as one year from the date of injury, provided that notice of such limitation is contained in the contract of passage. 46 U.S.C.App. § 183b(a) (1988); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir.1989). We consider the notice issue for the first time in this circuit.

█ Dillon contends that the one year limitation contained in the ticket does not serve to bar her claim due to the inadequacy of the notice provision.

The district court applied a two-prong test in determining whether the ticket rea-

sonably communicated the limitation to Dillon. *See Shankles v. Costa Armatori S.P.A.*, 722 F.2d 861, 864–67 (1st Cir.1983). That test entails a consideration of (1) the physical characteristics of the ticket, the type of warning, its size and location, along with (2) the circumstances surrounding the passenger's purchase and subsequent retention of the ticket, including the passenger's ability to become meaningfully informed of the limitation terms. *Id.; Coleman v. Norwegian Cruise Lines*, 753 F.Supp. 1490, 1495–98 (W.D.Mo.1991); *Kendall v. American Hawaii Cruises*, 704 F.Supp. 1010, 1015–16 (D.C.Haw.1989).

In this case, the district court ruled that the notice in the ticket was adequate. It observed further that, shortly after the injury, Dillon's attorney obtained possession of the ticket. Thus, the district court observed that counsel had ample opportunity to locate and read the notice. The district court concluded that, in these circumstances, the notice was reasonable. We agree that the ticket reasonably communicated the limitation to Dillon. *See Spatro v. Kloster Cruise, Ltd.*, 894 F.2d 44, 46 (2d Cir.1990) (notice is sufficient if it reasonably communicates the time limitation to the passenger); *Nash v. Kloster Cruise A/S*, 901 F.2d 1565, 1566–68 (11th Cir. 1990); *Marek v. Marpan Two, Inc.*, 817 F.2d 242, 244–47 (3d Cir.), *cert. denied*, 484 U.S. 852, 108 S.Ct. 155, 98 L.Ed.2d 110 (1987); *Shankles*, 722 F.2d at 864–67; *Barbachym v. Costa Line, Inc.*, 713 F.2d 216, 218–19 (6th Cir.1983); *DeNicola v. Cunard Line, Ltd.*, 642 F.2d 5, 7–11 (1st Cir.1981).

■ Dillon, however, further contends that the district court erred in granting summary judgment in favor of Admiral on the issue of whether Admiral's actions should estop it from asserting the limitation defense.

On August 30, 1989, Tanner, Dillon's attorney, wrote to inform Picciurro, Admiral's claims representative, as to Dillon's theory regarding Admiral's liability and requested an admission of liability on Admiral's part. Tanner stated that a lawsuit against Admiral would be forthcoming if it failed to admit liability. He also informed Picciurro that Dillon's treatment and recovery period would be lengthy, in light of her total hip replacement.

Admiral stipulated, for the purpose of summary judgment, that Picciurro had promised, during a telephone conversation on September 15, 1989 with Tanner, to pay Dillon's medical bills and to discuss a settlement after her recovery. Dillon claims reliance on this statement as a basis for asserting estoppel.

In sum, Admiral had advised Dillon that it would talk settlement, after Dillon had notified Admiral that treatment would continue for over a year. Dillon had no reason not to rely upon Admiral's statement because Admiral had voluntarily paid her medical bills, even after the expiration of the one year period, and had kept in touch with her attorney regarding her treatment. Unfortunately, by the time Dillon recovered, the one year period had passed. Admiral then asserted its defense to the claim.

Dillon's estoppel argument is governed by general maritime common law. *Schrader v. Royal Caribbean Cruise Line, Inc.*, 952 F.2d 1008, 1012–13 (8th Cir.1991). *Schrader* applied estoppel to prevent a defendant cruise ship company from asserting a time limitation for filing suit, when the company had misled the plaintiff as to the identity of the proper defendant. *Id.* The *Schrader* panel reversed a summary judgment in the defendant's favor and remanded for further proceedings.

Citing *Travelers Indemnity Co. v. Swanson*, 662 F.2d 1098, 1102 n. 2 (5th Cir. Sept. 1981), the *Schrader* court stated that: "'Normally questions of estoppel ... depend upon inferences to be drawn from known facts about which reasonable men could readily differ, and are therefore appropriate for submission to a jury.'" *Schrader*, at 1014. The *Schrader* court concluded that "reasonable persons could differ as to whether the [defendant] actually misled [the plaintiff] and as to whether [the plaintiff] was sufficiently diligent to deserve the benefit of equitable estoppel.... Therefore, the estoppel issue presents a triable question of fact." *Id.*

Admiral's course of dealing with Dillon's attorney could have led a reasonable attorney to understand that a lawsuit was not

746

necessary to achieve settlement. Moreover, a person in Dillon's situation might not have authorized an attorney to file a suit, when it appeared that Admiral was willing to settle amicably. Admiral followed through on only part of its promise; it continued to pay Dillon's medical bills, but would not discuss a settlement.

Reasonable persons could differ as to whether Admiral's actions misled Dillon, regarding her legal situation, such that Admiral should be estopped from asserting the time limitation to bar the suit. *Schrader*, at 1014. In that regard, reasonable persons could differ as to whether Dillon should have relied in good faith and delayed her suit because of assurances given her that a settlement would be forthcoming, after completion of her medical treatment. *Id.; Scheibel v. Agwilines, Inc.*, 156 F.2d 636, 639 (2d Cir.1946).

In sum, triable issues of fact exist on the estoppel issue, such that the summary judgment should be set aside.

## III. CONCLUSION

Accordingly, we reverse and remand for further proceedings consistent with this opinion.