Carmen J. JIMENEZ, Plaintiff,
Appellant,

v.

PENINSULAR & ORIENTAL STEAM
NAVIGATION COMPANY, et al.,
Defendants, Appellees.

No.. 91–2083.

United States Court of Appeals,
First Circuit.

Heard March 3, 1992.

Decided Sept. 8, 1992.

Wilfredo Segarra Miranda with whom Carlo & Troncoso, San Juan, P.R., were on brief for appellant.

Gustavo A. Gelpi with whom Feldstein, Gelpi & Gotay, Old San Juan, P.R., were on brief for appellees.

Before BREYER, Chief Judge, SELYA and CYR, Circuit Judges.

CYR, Circuit Judge.

Plaintiff Carmen Jimenez appeals the summary judgment entered in favor of P & O Cruises Ltd. and P & O Lines (Shipowners) Ltd., appellees, on the ground that her tort claims are time-barred under the one-year limitations period prescribed in the passenger ticket she purchased before

boarding the ship on which she was injured during her Caribbean cruise. We affirm.

## I

### BACKGROUND

On January 30, 1988, Jimenez boarded the Pacific Princess in Miami, Florida, for a Caribbean cruise. On February 3, she disembarked for an excursion to the island of Mayreau. As there was no suitable berthing for the Pacific Princess, small boats were used to ferry Jimenez and her fellow passengers to and from the island. Jimenez was injured upon reboarding the cruise ship.

Sometime in December 1988, Jimenez consulted legal counsel. On January 25, 1989, a complaint was filed against "Pacific and Oriental Lines d/b/a P & O Princess Cruises, Inc.," there being no party in interest so named. *See infra* note 1. In May, Peninsular and Oriental Lines, Ltd., was joined as a defendant, and service eventually was completed on appellee P & O Cruises Ltd., which answered the complaint notwithstanding the erroneous designation. Not until May 1990 was appellee P & O Lines (Shipowners) Ltd. finally added as a party defendant.[1] In April 1991, the appellees, P & O Cruises Ltd. and P & O Lines (Shipowners) Ltd., moved for summary judgment on the ground that the present action had not been brought within one year from the date the cause of action arose as required in the passenger ticket

issued to Jimenez. Summary judgment was granted on September 19, 1991, and Jimenez appealed.

## II

### DISCUSSION

■ We review *de novo* to ensure that no genuine issue of material fact respecting Jimenez' three appellate claims has been overlooked and that defendants were entitled to summary judgment as a matter of law.[2] *See, e.g., Milton v. Van Dorn Co.,* 961 F.2d 965, 969 (1st Cir.1992).

1. *Ambiguity in Limitations Provision*

First, Jimenez asserts that an ambiguity in the terms of the time-bar precluded summary judgment. Paragraph 25 of the passenger ticket contract reads:

> 25. Notwithstanding any other provision contained herein, neither P & O nor any of its agents, servants, employees or ships shall be under any liability either in rem or in personam in respect of any claim whatsoever unless written notice of the claim is presented to P & O within six (6) months from the date on which the claim arose, and *unless each suit or action* specifically naming P & O, its agents, servants, employees *or* the ship as a defendant is brought or filed within one (1) year from the date on which the claim arose and valid service of process is effected within thirty (30) days thereafter. (Emphasis added.)[3]

1. In the meantime, appellant had been active, if not efficient, in getting her action together. On February 7, 1989, service was completed on the ticketing agent, whose correct corporate name is Princess Cruises, Inc., rather than Pacific and Oriental Lines d/b/a P & O Princess Cruises, Inc. Before the complaint was amended to reflect its correct name, Princess Cruises, Inc. filed its answer. On November 14, 1989, Princess Cruises, Inc. was awarded summary judgment in light of its status as a disclosed agent for Peninsular and Oriental Steam Navigation Company. Jimenez has not appealed the summary judgment in favor of Princess Cruises, Inc. In May, 1989, Jimenez amended her complaint to name Peninsular and Oriental Lines, Ltd. (*i.e.,* P & O Cruises Ltd.) and Peninsular and Oriental Steam Navigation Company as codefendants. Peninsular and Oriental Steam Navigation Company was never served with process.

The district court noted in its October 2, 1990 order that Jimenez no longer appeared interested in effecting service on the latter entity.

2. Based on a thorough analysis, the district court concluded that timely filing of the complaint against Princess Cruises, Inc. did not save Jimenez' action from the one-year bar. *See* Fed.R.Civ.P. 15(c). On appeal, Jimenez neither challenges the district court's analysis, nor requests that we revisit the matter in light of the amended version of Rule 15(c) which became effective December 1, 1991.

3. Complaint ¶ 1 defines "P & O" as "The Peninsular and Oriental Steam Navigation Company and/or P & O Cruises Ltd." The former entity is not a party to the litigation. *See supra* note 1. P & O Cruises Ltd., which is before us, is the operator of the vessel. The other appellee, P &

■ The legal determination whether a term in a maritime contract is ambiguous is for the court.[4] *See United States ex rel. Eastern Gulf, Inc. v. Metzger Towing, Inc.*, 910 F.2d 775, 779 (11th Cir.1990) ("general rules of contract interpretation" govern construction of maritime contract for towage services); *Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 27 (2d Cir.1988) (construing maritime "red-letter" clauses); *Atlantic Dry Dock Corp. v. United States*, 773 F.Supp. 335, 337–38 (M.D.Fla.1991) (applying federal maritime law); *see also Carriers Container Council, Inc. v. Mobile S.S. Ass'n*, 896 F.2d 1330, 1337, 1339 (11th Cir.) (non-maritime federal common law), *as amended*, 904 F.2d 28, *cert. denied*, —— U.S. ——, 111 S.Ct. 308, 112 L.Ed.2d 261 (1990); *cf. ITT Corp. v. LTX Corp.*, 926 F.2d 1258, 1261 (1st Cir.1991) (diversity case applying Massachusetts contract law); *In re Navigation Technology Corp.*, 880 F.2d 1491, 1495 (1st Cir.1989) (applying New Hampshire law).

■ The operative language provides that neither P & O (*i.e.*, appellee P & O Cruises Ltd.), nor the associated persons and entities referenced in paragraph 25, can be held liable unless "*each* suit or action specifically naming" *any* such person or entity is brought within one year. (Emphasis added.)[5] Jimenez contends that the disjunctive "or," within the listing of the referenced functionaries and entities associated with P & O,[6] contemplates that *any* referenced functionary or entity encompassed within the listing may be held liable in an action brought beyond the one-

year period, provided suit has been brought against *at least one* such functionary or entity before the one-year period expires.

■ The term "each suit or action" would not be accorded reasonable meaning, or indeed any significant meaning, were we to read the disjunctive "or" as permitting all listed entities to be sued beyond the one-year limitations period as long as at least one had been sued within the limitations period. In construing contract language, we endeavor to render no term meaningless. *See Cohen v. Steve's Franchise Co.*, 927 F.2d 26, 29 (1st Cir.1991) ("A reading rendering contract language meaningless is to be avoided.") (applying Mass. law); *Systemized of New England, Inc. v. SCM, Inc.*, 732 F.2d 1030, 1034 (1st Cir.1984) (applying the "familiar principle" that every part of a contract should be given "meaning and effect," and "those [interpretations] which reduce words to mere surplusage [should be rejected].") (applying N.Y. law); *Bosse v. Litton Unit Handling Sys., Div. of Litton Sys., Inc.*, 646 F.2d 689, 694 (1st Cir.1981) ("It is axiomatic that constructions which render contract terms meaningless or futile are to be avoided.") (applying N.H. law). The only reasonable interpretation of paragraph 25 is that each suit not brought within the one-year period is time-barred (*i.e.*, Jimenez' claims against any functionary or entity referenced in ¶ 25, but not named in the only timely complaint, are not actionable). As it is undisputed that Jimenez failed to file a timely complaint against P & O Cruises

---

O Lines (Shipowners) Ltd., though not named in the ticket contract, is, as its name suggests, the owner of the Pacific Princess.

The limitations period prescribed in the Jimenez ticket does not violate the statutory criteria prescribed in 46 U.S.C.App. § 183b(a), which establishes minimum time allowances which managers, agents, masters, or owners of certain "sea-going vessel[s]" must make for injured parties to give notice of their claims and to institute lawsuits.

**4.** The Jimenez passenger ticket is a maritime contract. *Milanovich v. Costa Crociere, S.P.A.*, 954 F.2d 763, 766 (D.C.Cir.1992); *Hodes v. S.N.C. Achille Lauro Ed Altri–Gestione*, 858 F.2d 905, 909 (3d Cir.1988) ("A passenger ticket for an ocean voyage is a maritime contract.") (cit-

ing *The Moses Taylor*, 71 U.S. (4 Wall.) 411, 427, 18 L.Ed. 397 (1867)), *cert. dismissed*, 490 U.S. 1001, 109 S.Ct. 1633, 104 L.Ed.2d 149 (1989).

**5.** Jimenez does not contend, or suggest, that there is any independent basis for holding appellee P & O Lines (Shipowners) Ltd. liable apart from the ship, which ¶ 25 lists as an entity that must be named as a defendant.

**6.** The "or" in question is emphasized in the following excerpt from ¶ 25:

neither P & O nor any of its agents, servants, employees or ships shall be under any liability ... unless each suit or action specifically naming P & O, its agents, servants, employees *or* the ship as a defendant is brought or filed within one (1) year....

Ltd., P & O Lines (Shipowners) Ltd., or the Pacific Princess, appellees are entitled to summary judgment as a matter of law.

### 2. *Reasonableness of Notice*

■ Jimenez contends, alternatively, that the passenger ticket did not afford reasonable notice of the one-year limitations period established in paragraph 25. As we have stated in a similar context, "[t]he 'reasonable communicativeness' of a particular ticket in particular circumstances is a question of law and, barring a genuine dispute of material fact, the determination is appropriate for resolution at the summary judgment stage of a case." *Lousararian v. Royal Caribbean Corp.,* 951 F.2d 7, 9 (1st Cir.1991) (citing cases). The "reasonable communicativeness" inquiry is two-pronged. First, we closely examine the "facial clarity" of the ticket, *id.* at 8 (pertinent provisions should be "sufficiently obvious and understandable" from the "language and appearance" of the ticket). Second, we carefully consider the circumstances surrounding the passenger's " 'possession of and familiarity with the ticket,' " *id.* at 8–9 (quoting *Shankles v. Costa Armatori, S.P.A.,* 722 F.2d 861, 865 (1st Cir.1983)).

■ We agree with the district court that the Jimenez passenger ticket, on its face, afforded reasonable notice of the one-year limitations period. At the bottom of the first page of the passenger ticket packet retained by Jimenez appears the following language: "Your attention is directed to the conditions of the contract between you and P & O which are printed on this and the succeeding pages." Although larger type would have provided greater assur-

ance against oversight, the notice is one of only three statements on the first page that is printed in *red,* rather than black, *ink.*[7] At the very top of the next page appears a capitalized warning in boldface red type: "THESE ARE THE CONDITIONS ON WHICH YOU TRAVEL WITH P & O. PLEASE READ THEM CAREFULLY AS YOU WILL BE BOUND BY THEM." In block capital letters above the small but clearly legible print in paragraph 25 appears the following heading: "ACTIONS, CLAIMS AND TIME LIMITS."

Jimenez contends that the first page in the passenger ticket packet did not contain a "warning or notice of any type informing [her] that the conditions on the reverse side of the ticket were important matters...." To be sure, the notice on page one is printed in small type, for no discernible reason. Yet it is one of only three arguably complete sentences on the entire first page, and is, as we have said, highlighted in red ink. Moreover, its plain language directs the passenger to the "conditions of the contract between you and P & O ...," appearing on the next page. At the top of the next page, in red boldface type, appears the attention-getting notice: "PLEASE READ ... CAREFULLY AS YOU WILL BE BOUND...." The ticket notice was less prominent than it might readily have been made, but prominent and plain enough, we believe, as "the standard is one of reasonableness, not perfection." *Lousararian,* 951 F.2d at 10. *See also DeNicola v. Cunard Line Ltd.,* 642 F.2d 5, 10 (1st Cir.1981) (enforcing similar notice provision on cover of ticket booklet, accompanied by less informative notice on individual coupons in booklet).[8]

---

**7.** The ticket packet copy Jimenez submitted in the district court consists of four pages; the first page is the passenger copy of the ticket, the remaining three pages contain the contract terms. According to defendants' brief in support of their summary judgment motion, the original ticket packet consisted of six pages, the first two of which were "embarkation" copies which are removed from the packet (presumably upon boarding). The defendants submitted a full color copy of the Jimenez embarkation ticket copy, and explained that both embarkation copies are identical to the copy retained by the passenger. Jimenez neither con-

troverted these representations nor did she submit the original ticket in the district court. We therefore accept defendants' representations.

**8.** We do not consider it significant that the "Yo," in "Your attention is directed ...," was partially obliterated by a perforation on the ticket. As for Jimenez' contention that the contract terms could not be read until the ticket packet had been separated along the perforations at the side of the ticket, not only did Jimenez fail to raise this argument below but she failed to present the physical evidence (*i.e.,* the ticket),

Our review satisfies us that it would not be unjust to enforce the one-year contract limitations period in these circumstances. Jimenez concedes that she retained possession of the ticket following the accident. Her exculpatory statements that she did not know where the ticket was when she went to see her attorney in December 1988, and had been "bedridden" following two surgical operations, are unavailing. Her admission that she did not know exactly where the ticket (*in her possession*) was located in December 1988 provides strong evidence nonetheless that she had ample opportunity to become familiar with the terms of the ticket contract, either personally or through counsel. *See Lousararian,* 951 F.2d at 11 (inquiry into surrounding circumstances focuses on the opportunity for knowledge, not actual knowledge).[9] The record is clear that Jimenez was able to consult with counsel in December 1988, and did so more than one month before the limitations period expired. *See id.* (in assessing plaintiff's opportunity to become meaningfully informed of contract terms, district court properly considered that plaintiff had retained counsel); *Barkin v. Norwegian Caribbean Lines,* 1988 A.M.C. 645, 650 (D.Mass.1988) (defendant should not be held responsible for inexplicable delay of plaintiff's counsel in requesting ticket) (cited in *Lousararian,* 951 F.2d at 11). As we observed in *Lousararian,* in these circumstances a passenger " 'might very well be expected to consult the multifarious terms and conditions of the ticket/contract in the event of an accident resulting in a loss or injury.' " *Lousararian,* 951 F.2d at 12 (quoting *Shankles v. Costa Armatori, S.P.A.,* 722 F.2d 861, 865 (1st Cir.1983)).

### 3. Equitable Tolling

The final contention advanced by Jimenez is that equitable tolling is available to relieve her from the operation of the time-bar. We disagree.

Jimenez relies on 46 U.S.C.App. § 183b(b), which defines certain instances in which the failure to give a potential defendant *notice of a claim* within the notice period prescribed in the ticket contract (here, for example, six months) does not bar the claim. *See* 46 U.S.C.App. § 183b(b). As the district court correctly noted, however, subsection 183b(b) pertains exclusively to claim *notice* provisions, not contract limitations periods for the commencement of a lawsuit. *See Schrader v. Royal Caribbean Cruise Line, Inc.,* 952 F.2d 1008, 1012 (8th Cir.1991). *Compare* 46 U.S.C.App. § 183b(a) (establishing different minimum time limits for "giving notice of, or filing claims" and "instituti[ng] ... suits on such claims"). The equitable tolling principles expressly made applicable by subsection 183b(b) to claim *notice* provisions in the ticket contract are not thereby impliedly made applicable as well to lawsuit limitations periods as to which subsection 183b(b) is entirely silent. Accordingly, even if Jimenez, as she contends, should be relieved from the consequences of her failure to provide the required six-month notice of claim to appellees, subsection 183b(b) does not purport to forgive her failure to commence the present action within the one-year limitations period prescribed in her ticket contract.

Finally, we need not decide whether the inherent equitable powers of the district

without which we cannot review her unpreserved claim.

**9.** Jimenez further contends that enforcement of the time-bar would be improper because appellees did not "take any measures to advise plaintiff of her rights and obligations, such as would cure the cruise ticket's deficient notice," and failed to remind her to file her claim. First, on its face the ticket provided sufficient notice to Jimenez. Second, Jimenez has not established an independent duty which might have been breached by appellees' silence. *Cf. Lousararian,* 951 F.2d at 11 (where plaintiff's counsel contact-

ed defendant cruise ship operator, which advised that it intended to rely on defenses identified in ticket booklet, we observed: "The company reasonably could assume that plaintiff had retained her original ticket booklet and would refer to it for the details of the claimed defenses."); *Kendall v. American Hawaii Cruises,* 704 F.Supp. 1010, 1019 (D.Haw.1989) (rejecting estoppel argument: "[P]laintiffs cannot seek refuge from their own inaction merely by complaining that defendant at no time reminded them of the time limitation clause, since defendant was under no legal obligation to do so.").

court might afford relief from Jimenez' failure to comply with the limitations period prescribed in her passenger ticket. *See, e.g., Schrader,* 952 F.2d at 1013 (equitable estoppel applicable under maritime law); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1323–24 (11th Cir.1989) (same); *Axelrod v. Incres Steamship Co.,* 363 F.2d 531 (2d Cir.1966) (implicitly applying principles of equitable estoppel); *cf. Walck v. Discavage,* 741 F.Supp. 88, 90–91 (E.D.Pa. 1990) (applying "equitable tolling" to three-year limitations period 46 U.S.C.App. § 763a). The uncontested evidence establishes that her equitable tolling claim has no merit.

■ Viewing the record in the light most favorable to Jimenez—as establishing that she was incapacitated for six months—it is nonetheless clear that any incapacity neither prevented her from consulting counsel, nor from commencing the present action within the one-year limitations period. Rather, it was the failure to commence an action against *the appellees* within the one-year period—a default in no way attributable to any incapacity experienced by Jimenez—that precipitated dismissal of the present action. Thus, the record discloses no genuine issue of material fact as to Jimenez' lack of due diligence in asserting claims *against the proper parties. See Irwin v. Veterans Admin.,* —— U.S. ——, ——, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990) (explicating "equitable tolling" doctrine; stating that the Court has "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights").[10]

*Affirmed.*

---

**10.** On appeal, Jimenez attempts to advance three additional grounds not presented in support of her equitable tolling claim below, except in the context of the § 183b(b) claim: the cruise ticket listed numerous "P & O" entities; ¶ 25 was unclear; and suit was commenced against the ticketing agent within one year. We are satisfied, in any event, that no "miscarriage of justice" would be occasioned by declining to extend the extraordinary relief of equitable tolling in these circumstances. *See Irwin,* —— U.S. at ——, 111 S.Ct. at 458; *see also Playboy Enterprises, Inc. v. Public Serv. Comm'n,* 906 F.2d 25, 40 (1st Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 388, 112 L.Ed.2d 399 (1990) (defining "plain error" standard of review).