**Jesus SALAS–RIJOS and Ana Salas, Plaintiffs,**

v.

**COSTA CRUISE LINES N.V. COSTA LINES, XYZ & ABC, Defendant.**

**Civil No. 94–2342CCC.**

United States District Court, D. Puerto Rico.

Feb. 9, 1996.

---

Harry A. Ezratty, San Juan, for plaintiffs.

Carlos E. Bayrón, San Juan, for defendants.

## JUDGMENT

CEREZO, Chief Judge.

For the reasons stated in our Memorandum Opinion and Order of this same date, this action is hereby DISMISSED.

SO ORDERED AND ADJUDGED.

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jesús Salas–Rijos and Ana Salas have filed this tort action under our diversity jurisdiction, claiming that Mr. Salas Rijos was severely injured while assisting in the undocking and line handling of the cruise ship M/V COSTA RIVIERA (RIVIERA). Named as defendant is Costa Cruise Lines, N.V. (Costa), as owner of the Riviera, as well as its insurance companies sued as unknown defendants "XYZ" and "ABC". Costa has moved for summary judgment (**docket entry 3**), professing to be immune from suit under the provisions of the Puerto Rico Workmen's Accident Compensation Act (PRWACA), 11 L.P.R.A. § 1 *et seq.* Having considered that motion, plaintiffs' opposition (**docket entry 9**), and Costa's reply to the opposition (**docket entry 12**), and for the reasons that follow, we now GRANT the motion.

The salient undisputed facts are as follows: Plaintiff Jesús Salas–Rijos was employed by Guillermo Baéz Line Handlers (Handlers) as a line handler. On February 29, 1992, as required by his employer, he assisted in the undocking maneuvers of the RIVIERA, which at the time was departing from Pier No. 3 of the Port of San Juan. While doing so, one of the mooring lines running from the vessel to the pier parted, injuring him on his left leg. As a result, Salas–Rijos was injured.

The RIVIERA is owned and managed by Costa. On February 29, 1992, Handlers was providing line handling services to the RIVIERA by virtue of a verbal contract it had with Costa which required it to verify the arrival and departure schedules of all Costa's cruise ships in order to provide them with the service of fastening and unfastening their mooring lines. As part of the contract, Handlers was also required to provide its employees with insurance coverage through a policy with the Puerto Rico State Insurance Fund (SIF). At the time of the incident, Handlers was an insured employer under the PRWACA.

Under Fed.R.Civ.P. § 56(c), summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See also Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 7–8 (1st Cir.1990). The facts must be viewed in the light most favorable to the non-moving party. *Commercial Union Ins. v. Walbrook Ins. Co.,* 7 F.3d 1047, 1050 (1st Cir.1993). The non-moving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of any disputed material fact. *Mendes v. Medtronic, Inc.,* 18 F.3d 13, 15 (1st Cir.1994). Absent a genuine dispute of material fact, questions of law are appropriate for resolution on summary judgment. *Jimenez v. Peninsular & Oriental Steam Navigation Co.,* 974 F.2d 221, 223 (1st Cir.1992).

Under PRWACA, when an employee suffers an injury, illness or is disabled or dies as a result of any act or function inherent to his/her work, and the employee is insured under its provisions, the employer's right to compensation is limited to the remedies provided through the State Insurance Fund. *See* 11 L.P.R.A. §§ 2, 11; *Torres–Solis, et al. v. A.E.E. et als.,* 137 D.P.R. —— (1994), 94 J.T.S. 89 at p. 12039. The injured

but insured worker lacks a cause of action against his/her employer for damages, notwithstanding the employer's degree of negligence. *Admor. F.S.E. v. Flores Hnos. Cement Prods.*, 107 D.P.R. 789, 792 (1978). However, in those circumstances in which a third party may be liable, the PRWACA does not affect the liability of the wrongdoer who is a stranger to the employer-employee relationship. In those instances, injured workers may then file direct actions in court against any liable third party. *Morales–Meléndez v. Steamship Mut.*, 763 F.Supp. 1174, 1177 (D.Puerto Rico 1991). *See also* 11 L.P.R.A § 32.

The Supreme Court of Puerto Rico has construed PRWACA to extend the immunity of the Act to a principal contractor when its subcontractor insures its employees under the Act. *Colón–Santiago v. Industrial Commission*, 97 P.R.R. 203 (1969). In those situations the principal contractor is denominated as the "statutory employer" to distinguish him from the subcontractor, called the contractual or real employer. *Id.* at p. 204. The Court has only recognized the statutory employer within the context of a contract or subcontract for work or services, and only for project owners, principal contractors or subcontractors who had, with regard to the Injured worker, the mutual legal obligation to insure him with the SIF. *Santiago–Hodge v. Parke Davis, Co*, 126 D.P.R. —— (1990), 90 J.T.S. 42 at p. 7598. In no uncertain terms, the Court recently stated:

> If a project owner subcontracts the services of the injured worker's real employer, the principal contractor or owner is not a "third person," but rather a "statutory employer" who has immunity and is released from seeking coverage when the independent contractor is insured.

*Torres–Solís*, 137 D.P.R. at ——, 94 J.T.S. 89 at p. 12039.

■ Whether a defendant is a "statutory employer" is determined by a close examination of its contractual relations with the injured worker's real employer, as the determinant factor of immunity under PRWACA is the existence of that direct or indirect link between the workman who suffers the accident and the employer in the course of whose employment and as a consequence of which the injury takes place. *Ruiz Diaz v. Vargas Reyes*, 109 D.P.R. 761, 765 (1980). "Absent that legal nexus linking the worker's direct employer to the wrongdoer in the *'mutual legal obligation'* to insure the employee with the [SIF], we would be facing a *'third party'* lacking statutory protection against claims by injured workers." *Torres–Solís*, 137 D.P.R. at ——, 94 J.T.S. 89 at p. 12039; *Sandago–Hodge*, 126 D.P.R. at ——, 90 J.T.S. 42 at p. 7598. The relevant relationship between the actual and the statutory employer must be a vertical, contractual one in order to link the employee with the statutory employer. *Santiago–Hodge v. Parke Davis & Co.*, 859 F.2d 1026, 1031 (1st Cir.1988).

■ In our case, the undisputed facts reflect that Costa subcontracted Handlers to provide line handling services to its cruise ships. This was clearly a contract for work or services. Pursuant to it, a vertical contractual relationship was established between Costa, as the principal contractor, Handlers, as the subcontractor, and the injured worker. According to the sworn statement of Guillermo Baéz, Handlers' founder and supervisor, the contractual relationship between Costa and Handlers has existed for more than 15 years. *See* docket entry 16. As part of the contract, Costa expressly required from Handlers to provide Insurance coverage through the SIF to its employees, which the evidence on record shows that Handlers obtained. Otherwise, Costa would have been required to render reports and pay premiums as required by Article 19 of PRWACA, 11 L.P.R.A. § 20.

Based on this factual scenario, we find that Costa is Salas Rijos' statutory employer and thus is immune from suit pursuant to Article 20 of PRWACA, 11 L.P.R.A. § 21. Accordingly, the claim brought by Salas Rijos must be ORDERED DISMISSED.

There remains the claim for damages brought by Salas Rijos' daughter, Ana Salas. She avers having cared and attended her father during the time he was disabled, and seeks compensation for her emotional distress and economic loss. The Supreme Court of Puerto Rico has emphasized that in

those cases where the injured workman is insured under PRWACA the right to compensation established by the Act is exclusive, and that the statute eliminated all remedies against the employer based on a labor accident, except those expressly provided by it. *De Jesús v. Osorio,* 65 P.R.R. 601, 603–04 (1946). Thus, it is clear then that Ana Salas must avail herself of the remedies provided under the Act, which do not include bringing a direct action in court against her father's employer. Hence, her claim for damages asserted in the complaint is also DISMISSED.

In view of the above stated, Costa's motion for summary judgment (docket entry 3) is hereby GRANTED. Judgment shall be entered by separate order DISMISSING plaintiffs' complaint.

SO ORDERED.