**Robert ZIMMER, Plaintiff,**

**v.**

**UNITED DOMINION INDUSTRIES, INC. and The Marley Company, Defendants.**

**No. Civ. 99-2207.**

United States District Court, W.D. Arkansas, Ft. Smith Division.

May 2, 2000.

Jay Kutchka, Jones, Jackson & Moll, Fort Smith, AR, Keith A. Hanson, Stephen M. Warner, Fetterly & Gordon, P.A., Minneapolis, MN, for plaintiff.

John A. Davis, III, Little Rock, AR, David C. Wright, III, Thomas Holderness, Robinson, Bradshaw & Hinson, P.A., Charlotte, NC, for defendants.

***MEMORANDUM OPINION & ORDER***

DAWSON, District Judge.

On this 1st day of May 2000, there comes on for consideration the motion to dismiss filed by the separate defendant, The Marley Company. (Doc. # 29.) For the reasons set forth within this opinion and order, the motion to dismiss should be and hereby is DENIED.

**I. Background.**

The facts relevant to the present motion are not in dispute.[1] United Dominion Industries (UDI) is a Delaware corporation with a principal place of business located at 2300 First Union Center in Charlotte, North Carolina. Separate defendant The Marley Company is also a Delaware corporation with a principal place of business at 2300 First Union Center in Charlotte, North Carolina. UDI purchased The Marley Company in 1993, and The Marley Company became a wholly owned subsidiary of UDI. The Marley Company has a board of directors that is completely separate from the board of directors of UDI, although some of the officers of The Marley Company are also officers of UDI.

Marley Electric Heating is a division of The Marley Company which designs and manufactures electric heating units for sale through distributors, including the unit which allegedly caused the fire in Plaintiff's poultry barn. Marley Electric Heating has a principal place of business in Bennettsville, South Carolina, but Marley Electric Heating is not a corporate entity separate and apart from The Marley Company.

The Plaintiff is a poultry grower in Waldron, Arkansas, who purchased a Qmark Model 2E580 electric space heater which had been designed and manufactured by Marley Electric Heating. On January 19, 1997, a fire broke out in the Plaintiff's poultry barn, and the resulting damage destroyed the Plaintiff's operation. Plaintiff subsequently learned that cause of the fire may have been the QMark heater.

The original complaint was filed in Scott County Circuit Court on October 15, 1999, naming UDI as the sole defendant and alleg-

1. Many of the facts relevant to this case were set forth in the opinion and order entered on April 6, 2000 denying the motion for summary judgment filed by separate defendant, United Dominion Industries. (Doc. # 33.)

ing that UDI "through its wholly owned subsidiary, Marley Electric Heating, designed, manufactured, assembled, tested, labeled, marketed, and sold baseboard, wall, portable, and unit heaters, including without limitation, the QMark Model 2E580 unit heater." (Compl. at ¶ 8.) The complaint was served upon UDI by certified mail on October 20, 1999. UDI removed the case to federal district court and filed a motion for extension of time to answer or otherwise plead, which was granted.

On December 1, 1999, the Plaintiff filed a first Amended Complaint, and UDI filed an answer on December 14, 1999. On January 4, 2000, the Plaintiff served interrogatories and requests for production upon the separate defendant UDI. At the defendant's request, the Plaintiff agreed to extend by thirty days (or until March 4, 2000) the deadline for answering the discovery. The three-year statute of limitations applicable to the Plaintiff's claim expired on January 19, 2000.

On February 14, 2000, UDI filed a motion for summary judgment contending that it did not design, manufacture or sell the electric heater described in the Plaintiff's complaint, and disclosed that the QMark heater is manufactured by Marley Electric Heating, a division of the Marley Company.[2] On February 28, 2000, the Plaintiff filed a motion to amend the complaint to add The Marley Company as a party defendant, and that motion was granted. The Marley Company was served with the summons and the second amended complaint on March 27, 2000.

## II. Standard of Review.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the court must review the allegations contained in the complaint and construe them in a light most favorable to the plaintiff, and all factual allegations must be accepted as true. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate an entitlement to relief." *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998).

## III. Discussion.

The Marley Company contends that the plaintiff's claims against it must be dismissed, because The Marley Company was not sued until after the expiration of the applicable statute of limitations. In response, the plaintiff puts forward two arguments: (1) the action is not barred by the limitations period, because the second amended complaint relates back to the original filing date under Rule 15(c) of the Federal Rules of Civil Procedure; and (2) the defendant should be estopped from asserting the statute of limitations defense.

### A. Rule 15(c).[3]

An amendment changing the parties relates back to the date of the original pleading if four conditions are satisfied: (1) the basic claim must have arisen out of the same conduct set forth in the original com-

2. The motion for summary judgment was denied after we concluded that UDI was obligated to affirmatively plead the "wrong defendant" defense in its answer. By failing to plead the defense, UDI was barred from asserting the defense on summary judgment.

3. Rule 15(c) provides:

An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitation applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*Id.*

plaint; (2) the defendant to be brought in must have received sufficient notice that its defense will not be prejudiced; (3) the party to be added must or should have known that, but for the plaintiff's mistake concerning identity, the action would have been brought against it; and (4) notice of the action and the mistake must be given within the prescribed period (which is 120 days from the date the original pleading was filed). Fed. R.Civ.P. 15(c); *See Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2387, 91 L.Ed.2d 18 (1986). *See also Schrader v. Royal Caribbean Cruise Line, Inc.*, 952 F.2d 1008 (8th Cir.1991). In other words, a new defendant may be added to an action by amendment after the statute of limitations has expired if the defendant had adequate notice of the action and of the plaintiff's mistake in failing to name the new defendant at the beginning. But, relation back will only be permitted in a case in which it is established that the requisite notice was received prior to the running of the applicable time period. *Id.*

In this case, there is no question that the claim against The Marley Company arose out of the same conduct alleged in the complaint originally filed against UDI. Nor is there any dispute but that the original complaint was timely filed and that UDI was served with the complaint within the period prescribed by Rule 4(m). The problem is that The Marley Company was not served with the second amended complaint until some time after the expiration of the applicable limitations period and the 120-day period prescribed by Rule 4(m). Therefore, the question is whether the required notice may be imputed to The Marley Company. *See Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397 (9th Cir.1984).

In *Korn*, the Ninth Circuit held that the notice required by Rule 15(c) may be either formal or informal, so long as the party to be added is not prejudiced in maintaining its defense on the merits. *Id.* at 1399. The court focused upon the circumstances surrounding the commencement of the lawsuit and examined whether and to what extent the party to be added would be prejudiced with the avoidance of prejudice being the major objective. *Id.* "Timely notice, whether formal or informal, is one way of assuring that the party to be added has received ample opportunity to pursue and preserve the facts relevant to various avenues of defense." *Id.*

█ We believe that notice may properly be imputed in this case, because permitting the amendment to relate back will not prejudice The Marley Company in any way. The pleadings on file thus far show that the facts and events surrounding the Plaintiff's claim have been investigated and pursued, if not by Marley, then by its parent company, UDI. In addition, UDI took it upon itself to provide a defense for The Marley Company even before the wholly-owned subsidiary had been added as a party defendant. In short, Marley's parent company, UDI, has gone to such lengths to protect Marley's interests that it is now difficult for Marley to claim that it would be prejudiced by the amendment.

Finally, under the identity-of-interests doctrine, when a complaint has been timely filed and timely notice has been given to the party named in the complaint, notice may be imputed to a subsequently named and sufficiently related party. *Schiavone*, 477 U.S. at 29, 106 S.Ct. at 2387; *Warren v. Dept. of Army*, 867 F.2d 1156, 1161 (8th Cir.1989). In this case, we find that The Marley Company and UDI are sufficiently related to allow notice to be imputed, because not only do they share the same street address, a few of the same officers, the same agent for service, the same attorneys, and, apparently, the same claims administrator, but their interests in defending the lawsuit seem identical. In light of the foregoing, we feel that The Marley Company received sufficient informal notice of the lawsuit within the applicable time period so as to permit it to be added as a party defendant under the second amended complaint. Accordingly, the motion to dismiss should be and will be denied.

**B. Equitable Estoppel.**

█ Although our holding under Rule 15(c) is sufficient to deny the motion, we also find that equitable principles prevent The Marley Company from asserting the statute of limitations defense. Equitable estoppel prevents reliance on a limitations bar in a

case where, despite the plaintiff's diligence, a defendant's actions made it difficult to correctly identify the proper defendant until after the limitations period has run. *Schrader*, 952 F.2d at 1013. We previously ruled that UDI could not take advantage of an error it helped to create with regard to the Plaintiff's attempts to ascertain the identity of the proper defendant, especially when the correct information was always within the control of UDI. (Doc. # 33 at 8–10.) For these same reasons, The Marley Company should also be estopped from relying on the limitations bar.

Because we conclude that the Plaintiff could prove facts in support of its claim against The Marley Company that would demonstrate an entitlement to relief, the motion to dismiss should be and will be denied.

## IV. ORDER.

IT IS HEREBY ORDERED that the motion to dismiss should be and hereby is DENIED.

IT IS SO ORDERED.